IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| INA B. URIAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:09-cv-151 |
| | ) Judge Harry S Mattice, Jr |
| MIDLAND FUNDING LLC, | ) Magistrate Susan K Lee |
| MIDLAND CREDIT MANAGEMENT, | ) Jury Trial Demanded |
| KRISTEN GEORGE, and | ) |
| FINKELSTEIN KERN | ) |
| STEINBERG & CUNNINGHAM, | ) |
| ATTORNEYS, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because Plaintiff resides here and Defendants transact business here.

### III. PARTIES

4. Plaintiff Ina B. Urian (hereinafter "Plaintiff") is a natural person who resides in Greene County, Tennessee, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Funding LLC (hereinafter "Defendant Midland") is a for-profit corporation organized in Delaware, a buyer of defaulted consumer debt, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), that may be served through its agent for service of process at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

6. Defendant Midland is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumer.

7. On information and belief, Defendant Midland pays less than ten cents on the dollar for the debts it purchases.

8. Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM") is a for-profit corporation organized in Kansas, a collection agency operating from an address of 16 McLeland Road, St. Cloud, MN 56303 and other locations, and a "debt collector" as that term is defined by 15 U.S.C. §

1692a(6), that may be served through its agent for service of process at Corporation Service Company, 200 S.W. 30th Street, Topeka, KS 66611.

9. Defendant Kristen George (hereinafter "Defendant George") is a natural person who is employed by Defendant MCM as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), that may be served at her business address of 16 McLeland Road, St. Cloud, MN 56303.

10. Defendant Finkelstein Kern Steinberg & Cunningham (hereinafter "Defendant Cunningham") is a law firm owned solely by Ronald E. Cunningham as a sole proprietor, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and can be served at their office address of 1810 Ailor Avenue, Knoxville, Tennessee 37921.

## IV. FACTUAL ALLEGATIONS

11. Sometime prior to October 2008, Plaintiff's alleged debt was consigned, placed, sold or otherwise transferred to Defendant Midland for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect this debt.

### *Civil Warrant and Affidavit*

12. In approximately October 2008, a Civil Warrant and Affidavit were filed by Defendant Cunningham in the name of "Midland Funding LLC ASSIGNEE

3

OF FCNB-SPIEGEL" and against Plaintiff in the General Sessions Court of Greene County, Tennessee Case No. 08V2570, for the purpose of collecting an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely for a credit card debt in the amount of $1,883.17. A redacted copy of the Civil Warrant is filed with this Complaint as Exhibit 1.

13. The Civil Warrant was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. Contrary to the communication that Midland Funding LLC ASSIGNEE OF FCNB-SPIEGEL was the plaintiff in the state court lawsuit by Defendants Midland and Cunningham, Midland Funding LLC ASSIGNEE OF FCNB-SPIEGEL is not the true name of Defendant Midland's business, company or organization.

15. The mail and interstate wire communications were used to send the Civil Warrant in the form represented by Exhibit 1.

16. Attached to the Civil Warrant was an Affidavit executed by Defendant George and notarized by Darla Genz. A copy of the Affidavit is attached to this Complaint as Exhibit 2.

4

17. The Affidavit was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. The Civil Warrant and Affidavit were served on Plaintiff in October 2008.

19. The lawsuit was non-suited by Defendant Midland in April 2009.

20. Both Defendant George and Darla Genz were in fact employees of Defendant MCM when the Affidavit was executed on October 1, 2008.

21. Contrary to the statements in the Affidavit, Defendant George is not "the custodian of records for [Defendant Midland's] records", she does not "have custody and control of the files and business records relating to this account", and "written demand was not made upon" the Plaintiff by Defendant Midland.

22. The mail and interstate wire communications were used to send the Affidavit in the form represented by Exhibit 2.

23. The FDCPA, 15 U.S.C. § 1692e, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain

5

information concerning a consumer. . . .

    (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

24. The FDCPA, 15 U.S.C. § 1692f, states:

    A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

25. The communication by Defendants Midland and Cunningham in the Civil Warrant that Midland Funding LLC ASSIGNEE OF FCNB-SPIEGEL was the true name of Defendant Midland's business, company, or organization is a false, deceptive, and/or misleading representation in violation of 15 U.S.C. §§ 1692e and 1692e(10).

26. By communicating that Midland Funding LLC ASSIGNEE OF FCNB-SPIEGEL was the plaintiff in the state court lawsuit amounts to the use by Defendant Midland of a business, company, or organization name other than the true name of the debt collector's business, company, or organization, in violation of 15 U.S.C. §§ 1692e and 1692 e(14), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

27. The communications in Exhibit 2 that Defendant George is "the custodian of records for [Defendant Midland's] records", that she has "custody and control

6

of the files and business records relating to this account", and that "written demand was not made upon" the Plaintiff by Defendants Midland and are false, deceptive, and/or misleading representations in violation of 15 U.S.C. §§ 1692e and 1692e(10).

28. By preparing and/or filing Exhibit 2 in the lawsuit, all Defendants participated in the false, deceptive, misleading, and/or unfair practices and violated 15 U.S.C. §§ 1692e and 1692f.

29. These communication by Defendants were collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692e(14), and 1692f, amongst others.

### *Filing Civil Warrant on Time-Barred Debt*

30. The debt alleged to be owed by Plaintiff went into default in approximately 1993.

31. The statute of limitations for the filing of a lawsuit in an attempt to collect the alleged debt expired no later than December 31, 1999.

32. The filing of the lawsuit in an attempt to collect the alleged debt was filed in October 2008.

33. The Defendants knew or should have known that the statute of limitations for collection of the alleged debt had expired and/or Defendants willfully or

negligently failed to make a reasonable investigation as to the date when the alleged debt went into default.

34. The FDCPA, 15 U.S.C. §1692e, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of –
>
>     (A) the character, amount, or legal status of any debt;
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

35. The FDCPA, 15 U.S.C. §1692f, states:

> A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

36. By filing the lawsuit on a time-barred debt, without having first determined after a reasonable inquiry that the limitations period had expired, Defendants violated 15 U.S.C. §§ 1692e and 1692f.

37. This communication by Defendants was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692(e)(5), 1692e(10), and 1692(f), amongst others.

### *Respondeat Superior Liability*

38. The acts and omissions of Defendants Cunningham, MCM, and George, and Darla Genz, and the other debt collectors employed as agents by Defendant Midland and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Midland.

39. The acts and omissions by Defendants Cunningham, MCM, and George, and Darla Genz, and the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Midland in collecting consumer debts.

40. By committing these acts and omissions against Plaintiff, Defendants Cunningham, MCM, and George, and Darla Genz, and the other debt collectors were motivated to benefit their principal, Defendant Midland.

41. Defendant Midland is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employees including, but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

### *Summary*

42. The above-detailed conduct by these Defendants in an effort to collect the alleged debt, including, but not limited to making false, deceptive and/or misleading representations in a civil warrant and sworn affidavit, the use of a business, company, or organization name other than the true name of the debt collector's business, company, or organization, and the filing of a lawsuit that is time-barred, was a violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### V. TRIAL BY JURY

43. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI. CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

44. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

45. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

46. As a result of each and every Defendant violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

07/21/09                          Respectfully submitted,

**INA B. URIAN**

*/s/ Alan C. Lee*

Alan C. Lee, Esq., BPR #012700
Attorney for Plaintiff
Of Counsel – The Pope Firm
P. O. Box 1357
Morristown, TN 37816-1357
(423) 586-4300
alan@thepopefirm.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF Greene )

Plaintiff Ina B. Urian, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: July 17, -09    By: _Ina B. Urian_
                          Ina B. Urian

Subscribed and sworn to before me this 17th day of July 2009.

_Kristy L Mays_
Notary Public

*[Notary Seal: Kristy L. Mays, State of Tennessee Notary Public, Greene County]*